UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MAGGARD,

    Plaintiff,

v.

                                Case No. 1:14-cv-799

                                Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                /

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on November 18, 1958 (AR 146).[1] He completed two years of college and had previous employment as a maintenance mechanic and safety inspector for an electric company (AR 30, 150). Plaintiff suffered a neck injury in May 2009, with corrective surgery performed in September 2009 (AR 41). He returned to work in 2010, and ultimately alleged a disability onset date of April 21, 2011 (AR 40-41, 146). Plaintiff identified his disabling conditions as: swollen spine; depression; stress; fused disc in neck; depression; anxiety; swelling of spinal cord and decompression; constipation from injury; inconsistency with urination; painful ejaculation; numbness in whole left side; and mild bulging disc (AR 149). The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on April 25, 2013

---

[1] Citations to the administrative record will be referenced as (AR "page #").

(AR 22-30). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

2

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 21, 2011, and that he met the insured status requirements of the Social Security Act through December 31, 2016 (AR 24). At the second step, the ALJ found that plaintiff had severe impairments of "the late effects of a cervical fusion, and lumbar degenerative disc disease" (AR 24). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 25).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) "to perform the full range of sedentary work as defined in 20 CFR 404.1567(a)" (AR 25) (footnote omitted). The applicable regulation, 20 C.F.R. § 404.1567(a) defines "sedentary work" as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). In a footnote, the ALJ stated that "[t]he Regulations define **sedentary work** as the ability to occasionally lift 10 pounds maximum, stand and/or walk for up to 2 hours in an 8 hour work period, and sit for up to 6 hours in an 8 hour work period (20 CFR 404.1567, and SSR 83-10)" (AR 25) (emphasis in original). While the regulation does not define "occasionally" in reference to the amount walking and standing involved in sedentary work, the ALJ's footnote

4

engrafted the definition of "occasionally" as it appears in Social Security Ruling (SSR) 83-10, which provides:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

*See* SSR 83-10.[2]  By adding this footnote, the ALJ's RFC determination appears to include the sitting (six hours) and the standing and walking (two hours) times as set forth in SSR 83-10 (AR 25).

The ALJ also found at the fourth step that plaintiff could perform his past relevant work as a safety inspector (AR 30). The ALJ found that this past work did not require the performance of work related activities precluded by his RFC (AR 30). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from February 22, 2010 (the alleged onset date) through February 28, 2013 (the date of the decision) (AR 20).

### III. ANALYSIS

Plaintiff raised two issues on appeal:

---

[2] SSR's "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1). While SSR's do not have the force of law, they are an agency's interpretation of its own regulations and "entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 498 (6th Cir. 2006), quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 549 (6th Cir. 2004) (citations omitted).

>    A.   **The ALJ's decision denies benefits on the basis of the Vocational Expert (VE) testimony, but the VE testified that a person with plaintiff's limitations could not perform his past jobs.**

Plaintiff contends that the ALJ misconstrued the vocational expert's (VE's) testimony regarding his ability to perform his past relevant work. It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *See Heston,* 245 F.3d at 534; *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy. *See Studaway v. Secretary of Health & Human Services*, 815 F.2d 1074, 1076 (6th Cir.1987); *see also* 20 C.F.R. § 404.1565.

As an initial matter, a VE's testimony is not required when the ALJ determines that a claimant is not disabled at step four of the sequential evaluation. *See Wright-Hines v. Commissioner of Social Security*, 597 F.3d 392, 395 (6th Cir. 2010) (an ALJ is not required to solicit testimony from a VE in determining whether a claimant is capable of performing his past relevant work); *Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir.2001) (VE testimony is not required until step five of the sequential analysis). However, the regulations provide that an ALJ *may* use a VE's services in determining whether a claimant can perform his past relevant work. 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy"). *See, e.g., Griffeth v. Commissioner of Social Security*, 217 Fed. Appx. 425, 429 (6th Cir. 2007) ("[t]he

6

regulations permit an ALJ to use the services of a vocational expert at step four to determine whether a claimant can do his past relevant work, given his RFC").

When the court obtains vocational evidence through the testimony of a VE, the hypothetical questions posed to the VE must accurately portray the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990).

At the hearing, the VE testified that plaintiff's past work as a safety inspector was typically considered light work, but that it was considered sedentary work as performed by plaintiff (AR 68-69). In his decision, the ALJ addressed the VE's testimony as follows:

> In response to a hypothetical the undersigned posed, incorporating the sedentary residual functional capacity outlined above, the vocational expert testified that the hypothetical individual would be able to perform the past relevant work mentioned above. This job was identified by the vocational expert as one that is typically performed at the light exertional level but that the claimant performed it at the sedentary level. In comparing the claimant's residual functional capacity with the physical demands of this work, and taking into consideration the testimony of the vocational expert, the undersigned finds that the claimant is able to perform this job as it is was performed, despite any additional limitations which may erode the sedentary occupational base.

(AR 30).

Plaintiff contends that the ALJ's decision is contrary to the testimony provided at the hearing. The Court agrees. During the hearing, the ALJ engaged in the following colloquy with the VE:

> Q       Any skills acquired in either the maintenance worker or the safety, maintenance mechanic rather or the safety inspector transfer to occupations at the sedentary level?
>
> A       Well not really, no. The safety inspector is being performed at sedentary but normally it would be at light, it wouldn't transfer down to sedentary.
>
> Q       Let me ask you -- I've only got one, I've got one hypothetical I'm just going to put out there. Assume a hypothetical individual for us with the past jobs you just described. Let's assume this lndividual is limited to sedentary work as defined in the regulations but would need to have the option to sit or stand every 30 minutes, alternate between sitting and standing. No other limitations. Could such a hypothetical person perform any of the past Jobs you described either as actually performed or generally performed in the national economy?
>
> A       No, your honor, *the safety inspector when they're inspecting the plant they don't have the option of being in a seated position. They're actually making those rounds and inspecting and monitoring the equipment.* So no, the jobs could not be performed.

(AR 69) (emphasis added).

The ALJ did not pose a hypothetical question which addressed plaintiff's RFC, but stated:

> I don't know where we are here. I'm somewhere between the full range of sedentary and full range of light. The sit/stand is possible.

(AR 70).

Based on this record, the ALJ's step four determination is not supported by substantial evidence. The ALJ found that plaintiff had the RFC to perform sedentary work, which by his definition involved sitting for up to six hours and standing/walking for up to two hours in an eight hour work period (AR 25). While the VE testified that plaintiff's safety inspector position was performed as sedentary work, she also testified that this type of work could not be performed in a

seated position (AR 69).  This testimony appears inconsistent, given that sedentary work involves sitting.   Furthermore, the ALJ did not pose a hypothetical question to the VE which accurately portrayed plaintiff's limitations, i.e., the ability to perform sedentary work as defined by the ALJ. *See Webb*, 368 F.3d at 632. Accordingly, this action will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate plaintiff's ability to perform his past relevant work at step 4 and, if appropriate, proceed to step 5.

> **B.** **The ALJ's decision violates the Social Security Administration's Regulations for the evaluation of the treating source opinions of Dr. Born.**

Plaintiff contends that the ALJ improperly evaluated the opinions of his treating physician, Frederick Born, D.O.  A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical

findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 376 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed Dr. Born's opinion as follows:

> The only other medical opinion was that of the claimant's primary care physician, Dr. Born (see generally Exhibit 1F). In sum, Dr. Born opined that the combined nature of the claimant's conditions would preclude all employment, as noted by his opinion that the claimant would be incapable of even the sitting, standing, and walking requirements of sedentary work (Id.). The undersigned afforded this assessment little weight as this physician's medical records included no noted clinical abnormalities to support these severe limitations (see generally Exhibits 2F and 14F). In fact, Dr. Born noted that in May, August, and November 2012 the claimant had no musculoskeletal abnormalities (Exhibit 14F). At these times, the claimant had full range of movement throughout the cervical spine, and in all upper and lower extremities (Id.). The claimant's gait and station were normal, and aside from generic complaints of ongoing chronic pain, Dr. Born noted no limitations (Id.). More recently in early 2012, the claimant's pain management physician noted a similar functional ability (see generally Exhibit 13F). Even the record throughout 2011 noted no significant abnormalities (see generally Exhibit 2F).

(AR 29).[3]

The ALJ's opinion did not articulate good reasons for giving Dr. Born's opinion little weight. *See Wilson*, 378 F.3d at 545; 20 C.F.R. § 404.1527(c)(2). The ALJ provided only a cursory review of the doctor's opinion and the supporting medical documents (Exhibits 2F, 11F, 13F and 14F) (AR 29, 200-35, 329-32 and 337-55). While the ALJ found the doctor's opinion to be extreme ("Dr. Born opined that the combined nature of the claimant's conditions would preclude all employment, as noted by his opinion that the claimant would be incapable of even the sitting, standing, and walking requirements of sedentary work"), he did not address the actual limitations found by the doctor (AR 329-32). Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Dr. Born's opinion.

### IV. CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed (1) to re-evaluate plaintiff's ability to perform his past relevant work at step 4 and, if appropriate, proceed to step 5, and (2) to re-evaluate Dr. Born's opinion. A judgment consistent with this opinion will be issued forthwith.

Dated: August 25, 2015   /s/ Ray Kent
RAY KENT
United States Magistrate Judge

---

[3] It appears that the ALJ's decision mistakenly identified radiology records (Exhibit 1F) as the doctor's opinion (Exhibit 11F) (AR 29, 193-99, 329-32).